UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RILEY D. SORRELL, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-4840 |
| | § | |
| MICHAEL E. DeBAKEY VA MEDICAL CENTER, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Riley D. Sorrell, Jr., representing himself, sues the Michael E. DeBakey VA Medical Center, Physician's Assistant Geena Makil, Dr. Latha Archibold, and Dr. Anita L. Sabichi, alleging negligence and medical malpractice. (Docket Entry No. 1). The defendants moved to dismiss the complaint on several grounds. (Docket Entry No. 6). Sorrell filed a response, and the defendants replied.[1] (Docket Entry Nos. 8, 9). Based on the court's review of the complaint, the motion and responses, the record, and the law, the court grants the defendants' motion and dismisses Sorrell's complaint without prejudice. The reasons are explained below.

**I.    Background**

Sorrell is a veteran of the Navy Reserves. (Docket Entry No. 1, p. 6). On December 29, 2023, he filed a complaint alleging three separate claims of negligence and medical malpractice against three Veterans Administration (VA) medical providers.[2]

---

[1]Sorrell also filed a second response, to which he attached portions of his medical records that he contends support the substance of his claims. (Docket Entry No. 11). These documents did not address the issues raised in the defendants' motion to dismiss.

[2]While Sorrell names the Michael E. DeBakey VA Medical Center as a defendant, his complaint does not contain any allegations against the Center itself, nor does he specifically allege that the Center is liable for the acts of its employees.

In Sorrell's first claim, he alleges that Physician's Assistant Geena Makil failed to properly diagnose and treat his lower back pain. (*Id.* at 6). He alleges that P.A. Makil refused to order an MRI to diagnose and treat his back pain and refused to refer him to a pain management specialist. (*Id.*). He contends that as a result of P.A. Makil's medical neglect and negligence, he suffered a stroke. (*Id.* at 7). Sorrell seeks $500,000 in compensatory damages. (*Id.*).

In Sorrell's second claim, he alleges that P.A. Makil and Dr. Latha Archibold were negligent in treating pulmonary nodules that were originally found on a March 2021 MRI. (*Id.* at 8). Sorrell alleges that after the nodules were discovered, Dr. Archibold told him that the plan of care was to monitor the nodules and lymph nodes every two to three months. (*Id.*). Despite this, he was not seen and the nodules were not monitored until August 2022. By that time, the nodules had become cancerous. (*Id.*). Sorrell alleges that because of the delay in treatment resulting from P.A. Makil's and Dr. Archibold's negligence, he was diagnosed with Stage IIIA small-cell lung cancer in September 2022. (*Id.* at 9). He seeks $5,000,000 in compensatory damages for this claim. (*Id.*).

In Sorrell's third claim, he alleges that Dr. Anitra L. Sabichi was negligent in administering nivolumab (an immunotherapy medication) and Vitamin B12 during treatment for Sorrell's lung cancer. (*Id.* at 10-11). He alleges that Dr. Sabichi's failure to properly administer these medications caused him to suffer nivolumab-induced diabetes mellitus, diabetic retinopathy, pre-renal kidney injury, rhabdomyolysis, transaminitis, pancreatic insufficiency, bleeding gums, gastroesophageal reflux disease, cancer-related cognitive impairment, hyperhidrosis, and hives. (*Id.* at 11). He seeks $68,000,000 in compensatory damages for this claim. (*Id.*).

The defendants responded to Sorrell's complaint with a motion to dismiss for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim. (Docket

Entry No. 6). Sorrell responded to the motion, and the defendants filed a reply. (Docket Entry Nos. 8, 9).

## II. The Legal Standards

### A. The Motions to Dismiss.

The defendants move to dismiss Sorrell's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

#### 1. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction to hear the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A motion under Rule 12(b)(1) is properly granted when the court lacks the statutory or constitutional power to hear the case. *See High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019) (per curiam). In ruling on a Rule 12(b)(1) motion, the court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, which is generally the plaintiff. *See Ramming*, 281 F.3d at 161. Because a Rule 12(b)(1) motion challenges the court's jurisdiction, "[w]hen a Rule 12(b)(1) challenge is filed with other Rule 12 motions, the court should address the Rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra,* 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming*, 281 F.3d at 161).

### 2. Rule 12(b)(5)

A motion to dismiss under Rule 12(b)(5) challenges the "the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.). The procedural requirements for proper service are found in Federal Rule of Civil Procedure 4. *Id.* If the plaintiff does not serve the defendant in the manner required by Rule 4, service of process is insufficient and the federal court lacks personal jurisdiction over that defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolf & Co.,* 484 U.S. 97, 104 (1987). When a Rule 12(b)(5) motion is filed, the plaintiff has the burden to prove that service of process complied with the requirements of Rule 4. *See Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992).

In addition to setting out the way service of process must be made, Rule 4 also sets a time limit for service. Under Rule 4(m), the plaintiff must serve the defendant within 90 days after the complaint is filed or face dismissal of the action, but the court may extend the time for service "if the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m); *see also Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam). "[G]ood cause" does not include status as a self-represented litigant, and self-represented litigants are not excused from complying with the service requirements of Rule 4. *See Thrasher v. City of Amarillo,* 709 F.3d 509, 512 (5th Cir. 2013); *Sys. Signs Supplies v. U.S. Dep't of Just.,* 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

### 3. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's allegations to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on

[the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

**B.  Pleadings from Self-Represented Litigants**

Sorrell is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present

5

summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. Discussion

### A. Relief under 51 U.S.C. § 20137.

Sorrell's complaint alleges that he is entitled to relief from the defendants under 51 U.S.C. § 20137. (Docket Entry No. 1, p, 3). In their motion to dismiss, the defendants argue that Sorrell's claims under § 20137 must be dismissed because that statute simply extends the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), to employees of the National Aeronautics and Space Administration (NASA) and none of the defendants are employees of NASA. (Docket Entry No. 6, p. 5).

Section 20137 is "a statutory provision that addresses malpractice and negligence suits brought against the United States for the acts of National Aeronautics and Space Administration (NASA) medical or supporting personnel acting within the scope of their employment." *Blair v. Hattiesburg Clinic*, No. 2:23-CV-126, 2024 WL 1009539, at *1 (S.D. Miss. Jan. 22, 2024). It requires patients allegedly injured by NASA medical personnel to bring their claims against the United States under the FTCA rather than against the individual practitioners. *See Smith v. Puget Sound Allergy, Asthma & Immunology*, No. C21-5169-JCC, 2021 WL 1854918, at *1 (W.D. Wash. May 10, 2021). But Sorrell's complaint does not contain any factual allegations that would implicate either NASA or its employees; instead, the defendants named in Sorrell's complaint are employed by the Department of Veterans Affairs.

Because the defendants do not fall within the scope of 51 U.S.C. § 20137, Sorrell's complaint does not state a claim for relief under that statute. His claims against the defendants

6

under § 20137 are dismissed with prejudice for failing to state a claim, and because amendment would be futile.

B.	Relief Under the FTCA.

Despite citing § 20137 in his complaint, Sorrell asserts in his response to the defendants' motion that he intended to bring his claims under the FTCA. (Docket Entry No. 8). He asks the court to allow him to correct his jurisdictional reference and proceed under the FTCA. (*Id.* at 3). The court construes Sorrell's request as a motion for leave to file an amended complaint. But because granting the requested leave to amend would be futile, the court denies this request.

The FTCA authorizes an injured plaintiff to bring a claim against the United States for "the negligent or wrongful act or omission of any employee of [a federal] agency while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2672; *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). The FTCA specifically provides that district courts have "exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). In addition, 28 U.S.C. § 2679(a) provides that an action against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. Each of these statutes refers to actions against "the United States." In light of this explicit statutory language, courts have held that the only proper defendant in a claim under the FTCA is the United States. *See, e.g., Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir. 1988) (citing *Gregory v. Mitchell,* 634 F.2d 199, 204-05 (5th Cir. 1981); and *Carr v. Veterans Admin.,* 522 F.2d 1355, 1356 (5th Cir. 1975)).

Because the United States is the only proper defendant in an FTCA action, an FTCA claim against a federal agency or a federal employee must be dismissed for lack of jurisdiction. *Id.*

In addition, before a plaintiff may bring an FTCA action against the United States for the negligent acts of one of its employees, the plaintiff must first exhaust the available administrative remedies by presenting the claim to the responsible federal agency. *See McNeil v. United States*, 508 U.S. 106, 107 (1993); *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029-30 (5th Cir. 2011); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). This exhaustion requirement is a jurisdictional prerequisite to filing suit in federal court. *See Life Partners*, 650 F.3d at 1029-30; *see also Jenkins v. TriWest Healthcare Alliance*, No. 22-30429, 2023 WL 1814885, at *1 (5th Cir. Feb. 8, 2023) (per curiam) (exhaustion is a "jurisdictional prerequisite for FTCA claims that cannot be waived" (quoting *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019))). If the plaintiff cannot show that he exhausted his administrative remedies before filing his action, the court does not have subject-matter jurisdiction over the FTCA claim. *Jenkins*, 2023 WL 1814885, at *1 ("If a plaintiff cannot show exhaustion, he has not pleaded a federal question.").

Sorrell did not name the United States as the defendant in this case, and neither P.A. Makil, Dr. Archibold, Dr. Sabichi, nor the Michael E. DeBakey VA Medical Center are properly named as defendants under the FTCA. *See Walters v. Smith*, 409 F. App'x 782, 784 (5th Cir. 2011) (per curiam) (holding that the Department of Veterans Affairs and its doctors are not proper parties to

8

an FTCA action). In addition, while Sorrell timely filed an administrative claim with the Department of Veterans Affairs for his claim concerning the delayed discovery of his lung cancer, he has not filed administrative claims concerning his alleged back injury or the alleged injuries arising from his chemotherapy treatment.

When granting a motion to amend a complaint would be futile, the court has discretion to deny the motion. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Because Sorrell has not named the proper party as a defendant and because he failed to exhaust his administrative remedies as to his claims for his alleged back injuries and alleged chemotherapy injuries before filing this action, the court would lack subject-matter jurisdiction over Sorrell's proposed amended complaint. Granting Sorrell leave to amend his complaint under these circumstances would be futile. The court therefore denies Sorrell's request to file an amended complaint as futile.[3]

---

[3] The defendants also contend that Sorrell's complaint should be dismissed under Rule 12(b)(5) because he failed to properly serve the defendants as required under Federal Rule of Civil Procedure 4(i). (Docket Entry No. 6, p. 7). Rule 4(i) requires a plaintiff seeking to sue the United States, its agencies, its officers, or its employees to either deliver a copy of the summons and complaint to the United States Attorney for the district where the action is filed or send it to the United States Attorney's office by registered or certified mail. FED. R. CIV. P. 4(i)(1)(A). In addition, the plaintiff must send a copy of the summons and complaint by registered or certified mail to "the Attorney General of the United States at Washington, D.C." FED. R. CIV. P. 4(i)(1)(B).

The defendants admit that Sorrell properly served the United States Attorney for the Southern District of Texas, but they contend that he failed to effect proper service on the Attorney General as required by Rule 4(i)(1)(B). In his response to the defendants' motion, Sorrell submitted evidence that he mailed documents to the Attorney General, by certified mail, return receipt requested, on April 23, 2024. (Docket Entry No. 8, pp. 6-7).

"When a plaintiff has effected service on either the United States Attorney or the Attorney General of the United States, the court shall allow a reasonable time for service of process for the purpose of curing the failure to serve the other officer or agency." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (per curiam). While Sorrell's attempt at service of process was originally insufficient, it appears from the record that he has now complied with all of the requirements of Rule 4(i). Had the court reached this issue, it would have denied the defendants' motion to dismiss for insufficient service of process under the circumstances presented here.

## IV.     Conclusion

Sorrell's action, (Docket Entry No. 1), is dismissed with prejudice for failing to state a claim.  His motion for leave to amend his complaint to proceed under the Federal Tort Claims Act is denied as futile.  Any pending motions are denied as moot.  Final judgment will be separately entered.

SIGNED on June 11, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge